# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JESULIA VEGA RIVERA, on behalf of herself and others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>CARIBBEAN RESTAURANTS, LLC,<br><br>Defendant. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT & DEMAND FOR JURY TRIAL

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff, JESULIA VEGA RIVERA, through her undersigned counsel, and sues the Defendant, CARIBBEAN RESTAURANTS, LLC (hereinafter referred to as "Defendant"), and respectfully alleges, states, and prays as follows:

## INTRODUCTION

1. This is an action by the Plaintiff, on her own behalf and on behalf of all others similarly situated to her, against her former employer for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and any other relief available.

2. This action is brought under the FLSA to recover, from Defendant, overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

## PARTIES

3. Plaintiff was employed as a "crew member and shift manager" for Defendant and performed related activities at their place of business located at Carretera #30, Intersección Carretera #198, Las Piedras, Puerto Rico.

4. Defendant is a Puerto Rico corporation which operates and conducts business in the municipality of Las Piedras, Puerto Rico, and is therefore within the jurisdiction of this Court.

## JURISDICTION

5. This action arises under the FLSA, 29 U.S.C. §210 *et seq.* The Court has federal question jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

## VENUE

6. The venue of this Court over this controversy is proper based upon the facts that the operative claims arose in the municipality of Las Piedras, Puerto Rico.

## COVERAGE

7. At all material times relevant to this action (2014 - present), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203(r) and 203(s).

8. At all material times relevant to this action, Defendant made gross annual earnings of at least $500,000.

9. At all material times relevant to this action, Defendant accepted payments from customers based on credit cards issued by out-of-state banks, nationwide.

10. At all material times relevant to this action, Defendant routinely ordered equipment, materials, merchandise, products, and supplies from out-of-state vendors and/or entities (i.e., napkins, kitchen and serving utensils, tables, chairs, as well as food and drinks, which was/is an integral part of Defendant's restaurant business).

11. At all material times relevant to this action, Defendant had two (2) or more employees engaged in commerce, handling or otherwise working on materials that have been

moved in or produced for commerce (i.e., napkins, kitchen and serving utensils, tables, chairs, as well as food and drinks, which was/is an integral part of Defendant's restaurant business).

12. At all material times relevant to this action, Plaintiff was individually engaged in commerce during her employment with Defendant, by working with a wide array of daily-delivered deli sandwiches, wraps, breakfast sandwiches, and an assortment of fruits, salads, baked goods, as well as other products for consumption and use.

## **FACTUAL ALLEGATIONS**

13. Defendant is a global chain of hamburger and fast food restaurants providing such products to patrons and invitees.

14. Plaintiff worked for Defendant without being paid the correct overtime premium rate of time and one-half her regular rate of pay for all hours worked in excess of forty (40) hours within a work week.

15. Defendant controlled and/or was responsible for the work of Plaintiff wherein Plaintiff was required to work off-the-clock and was not completely relieved from her duties.

16. Defendant knew or had reasons to believe Plaintiff was continuing to work off-the-clock and was not completely relieved from her duties.

17. Moreover, Plaintiff was consistently instructed by her supervisors to clock-out as scheduled, otherwise she would be reprimanded and be retaliated against. At the same time, Plaintiff was expected to stay working past her clock-out time, without being paid the correct overtime premium rate of time and one-half her regular rate of pay for these hours.

18. Furthermore, Plaintiff was also required to perform the duties and responsibilities of a General Manager, although Plaintiff was an hourly employee without being paid the correct rate of pay for such performed duties.

3

19. Plaintiff worked as a "crew member and shift manager" for Defendant and performed related activities in the municipality of Las Piedras, Puerto Rico.

20. In this capacity, Plaintiff was responsible for handling cash and/or credit card payments and receipts for purchases made, greet patrons upon ingress and egress, taking customers' orders, cook food, clean grills, stock delivered merchandise and products, conduct inventory, perform daily close reports, and perform the duties and responsibilities of any other employee who would call out sick or not show for work.

21. Plaintiff worked for the Defendant from approximately January 2004 through June 5, 2015.

22. Plaintiff was initially paid $8.00 per hour.

23. Plaintiff worked overtime hours on a weekly basis throughout her employment.

24. Despite working more than forty (40) hours per week, Plaintiff was not paid compensation for all hours worked over forty (40) hours within a work week during several weeks of employment.

25. Defendant was aware of the overtime hours that Plaintiff worked.

26. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of the Defendant.

## COLLECTIVE/CLASS ALLEGATIONS

27. Plaintiff and the class members performed the same or similar job duties *as one another* for Defendant in that they would greet patrons upon ingress and egress, would take customers' orders, cook food, clean grills, stock delivered merchandise and products, and conduct inventory.

4

28. Plaintiff and the class members were all paid by the hour.

29. Plaintiff and the class members were all eligible for overtime pay.

30. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were not compensated at time and one-half their regular rate of pay for *all* hours worked in excess of forty (40) hours in a workweek.

31. Thus, the class members are owed overtime compensation for the same reasons as Plaintiff.

32. Defendant's failure to compensate employees for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that crew members were paid for all overtime hours worked based on the Defendant's failure to credit the crew members with all hours worked.

33. This policy or practice was applicable to Plaintiff and the class members.

34. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. The same policies or practices which resulted in the non-payment of overtime to Plaintiff also apply to all class members.

35. Accordingly, the class members are properly defined as:

> **All hourly paid employees who worked for Defendant, CARIBBEAN RESTAURANTS, LLC, within the Commonwealth of Puerto Rico within the last three (3) years prior to the filing of this action.**

36. The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant.

37. The exact number of members of each class can be determined by reviewing Defendant's records. Plaintiff, on information and belief, is informed there are numerous eligible individuals in the defined class.

38. Defendant failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

39. Defendant is/was aware of the requirements of the FLSA yet it acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

40. Plaintiff has hired the undersigned law firms to represent her in this matter and is obligated to pay them reasonable attorneys' fees and costs if they prevail.

41. The claims under the FLSA may be pursued by others who opt-in to this case pursuant to 29 U.S.C. § 216(b).

42. A collective action suit, such as the underlying, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## AGAINST CARIBBEAN RESTAURANTS, LLC

43. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 – 42 above as if fully set forth herein.

44. Plaintiff is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) hours per work week.

45. During Plaintiff's employment with Defendant, Plaintiff worked overtime hours but was not paid time and one-half her regular rate of pay for the same during several weeks.

46. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty

(40) hours per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

47. Defendant neither maintained nor kept accurate time records for Plaintiff, as the FLSA requires. .

48. Also, Defendant failed to post required FLSA informational listings as required by law.

49. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

## COUNT II
## DECLARATORY RELIEF

50. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 – 42 above as if fully set forth herein.

51. Plaintiff and Defendant have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

52. The Court, also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-2202.

53. Plaintiff may obtain declaratory relief.

54. Defendant employed Plaintiff.

55. Defendant is an enterprise.

56. Plaintiff was individually covered by the FLSA.

57. Plaintiff and the class members were employees and not "exempt."

58. Defendant's "crew member(s) and shift manager(s)" are/were non-exempt employees.

59. Defendant's hourly paid employees are eligible for overtime compensation.

60. Defendant's hourly paid employees were not paid for all hours worked.

61. Defendant's hourly paid employees are owed additional overtime compensation.

62. Defendant did not rely upon a good faith defense in refusing to pay full and proper overtime wages to its employees.

63. Plaintiff and the class members are entitled to an equal amount of liquidated damages.

64. It is in the public interest to have these declarations of rights recorded.

65. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

66. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

**WHEREFORE**, Plaintiff, JESULIA VEGA RIVERA, demands judgment against CARIBBEAN RESTAURANTS, LLC, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by Plaintiff for which Defendant did not properly compensate Plaintiff, liquidated damages, declaratory relief, reasonable attorneys' fees and costs incurred in this action, pre- and post-judgment interest as provided by law, and any and all further relief this Court determines to be just and appropriate.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and the putative class members, prays for the following relief:

a. Designation of this action as an FLSA collective action on behalf of Plaintiff and the putative class members, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the putative class members, apprising them of the pendency of this action, permitting them to assert

timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b);

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An award of unpaid wages for all hours worked in excess of forty (40) in a work week at a rate of time and one-half of the regular rate of pay due under the FLSA;

d. An award of liquidated damages as a result of Defendant's willful failure to pay for all hours worked in excess of forty (40) in a work week at a rate of time and one-half of the regular rate of pay pursuant to the FLSA;

e. An award of pre-judgment and post-judgment interest;

f. An award of costs and expenses of this action together with reasonable attorneys' and expert fees, and an award of a service payment to the Plaintiff and putative class members; and

g. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable.

[*Signatures on Following Page*]

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 1st day of February 2017.

/s/ Andrés W. López
Andrés W. López, Esq.
USDC No.: 215311
**THE LAW OFFICES OF**
**ANDRÉS W. LÓPEZ, P.S.C.**
Post Office Box 13909
San Juan, Puerto Rico 00908
Telephone: (787) 294-9508
Email: andres@awllaw.com
*Attorneys for Plaintiff(s)*


/s/ Carlos V. Leach
**Carlos V. Leach, Esq.***
*\*Pro Hac Vice Pending*
**MORGAN & MORGAN, P.A.**
20 N. Orange Avenue, 16th Floor
Post Office Box 4979
Orlando, Florida 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245–3341
Email: CLeach@forthepeople.com
*Attorneys for Plaintiff(s)*